## IN THE MATTER OF FREDERICK E. BANNER, AN ATTORNEY-AT-LAW.

Argued September 26, 1961—Decided October 9, 1961.

*Mr. Heston N. Potts,* for the order.

No appearance for respondent.

The opinion of the court was delivered

PER CURIAM.   Respondent was heretofore suspended for a period of one year. *In re Banner,* 31 *N. J.* 24 (1959). Thereafter a complaint in another matter was processed by the ethics committee and it resulted in the presentment now before us.

Respondent appeared and participated in the hearing before the committee. Thereafter the committee was unable to serve our order to show cause upon him personally. We directed a mode of service which elicited a letter from respondent in which he stated he was in California for a substantial stay and requested a continuance of the argument date. His request was granted, with advice that the matter would be heard by us on September 26, 1961, on which date, however, he did not appear either personally or through counsel.

The complainant, Mrs. Eleanor M. Vincent, first retained respondent following her husband's death, to settle his estate. Respondent continued to represent her in other matters. She informed him she had some moneys she wished to invest in mortgage loans. Respondent attempted to arrange a specific investment of that character, but the transaction failed. Thereupon respondent induced his client to lend him $3,200 on his personal note, without security, and later obtained a further loan of $2,600 from her on the same basis. Respondent was hardly a good credit risk, and that he had to know. Nonetheless, he solicited unsecured loans from a client who had come to him for mortgage investment, and did so without so much as suggesting she seek independent counsel. He testified that he prepared and delivered a mortgage to her upon his home. If that were a fact, the mortgage would have been subordinate to prior liens of some $30,000, but the committee found, and we agree, that no such instrument existed. We are thoroughly satisfied respondent overreached his client.

The matter is aggravated by two circumstances. The first is respondent's palpable failure to appreciate, even in retrospect, the obligation of an attorney to his client. The second is that on June 8, 1959, respondent delivered his worthless check to Mrs. Vincent. At that very time, respondent was in the throes of the involvement which resulted in the suspension mentioned in the first paragraph of this opinion. The committee had already filed its presentment in that

proceeding after hearings held between February 6, 1959 and March 13, 1959.

Respondent's name will be stricken from the rolls.

*For disbarment*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.