IN THE MATTER OF LAWRENCE G. BELLUSCIO, AN AT-
TORNEY AT LAW.

Argued May 22, 1962 and October 10, 1962—Decided October 23, 1962.

*Mr. H. Harding Brown* argued the cause for the Union County Ethics Committee.

*Mr. Lawrence G. Belluscio, pro se,* and *Mr. William J. Fagan* argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. Numerous instances of improper conduct by respondent in financial matters came to the attention of the Union County Ethics Committee through direct complaints of clients and from other sources. Although the individual amounts involved were relatively small, a continual course of unethical and irresponsible activity *prima facie* appeared. On its own motion the Committee formulated the various matters into eight charges, which were served on respondent along with a notice of hearing. He filed no answer, but addressed a communication to this court indicating a desire to resign as a member of the bar. We directed the Committee to proceed with the hearing and report to us and respondent was so advised. He neither appeared thereat personally or by counsel nor requested any continuance or the opportunity to interpose a defense.

As a result of the evidence received at the hearing, the Committee filed a presentment finding four of the charges adequately proved. Two involved misappropriation of clients' funds received in settlement of small personal injury claims. In both instances he secured their endorsements to the payment checks, took his fees from the proceeds and converted the balance. In one case he thereafter gave a bad check on a personal bank account for the amount due the client, which was not made good until complaint was made to the Committee. In the other, the client had received nothing at the date of the hearing although many months had elapsed.

The other charges upon which guilt was found related to the uttering of bad checks on personal bank accounts. One of these is of particular importance. In January 1961 he opened such an account with a deposit of two checks, one for $10 and the other for $125. The latter was drawn to his order by a third person on a non-existent account in another institution and was quickly returned. During the next two months, without making any further deposit, he issued over 40 worthless checks on the account, aggregating over $2000.

Included was the bad check to the client previously referred to as well as checks to other clients with respect to which no specific charges were made by the Committee and checks in personal matters.

Upon consideration of the presentment, we suspended the respondent from practice forthwith, since he had not answered or defended before the Committee, and issued an order to show cause why he should not be disbarred or otherwise disciplined. At his appearance before us on the return day, May 22, 1962, he claimed to have a defense to the charges but was unable to offer any credible explanation of why he had not presented it before the Committee. We allowed him a two-week period to file a full affidavit with us setting forth the details of his defense as to each matter in order that we might determine whether the Committee should be directed to reopen the hearing. No affidavit was filed within the time allowed and we thereupon issued a second order to show cause returnable on the resumption of court sessions after the summer recess, the suspension being continued in the interim. On that occasion he presented his affidavit, which we have carefully examined in the light of the transcript of the proofs before the Committee. In essence, the charges upon which guilt was found are admitted and mitigation is offered on the basis that moneys due clients have been remitted and substantially all the worthless checks have been made good.

■■ Under all the circumstances the showing thus made is clearly insufficient to warrant a reopening of the Committee hearing or a discharge of the order to show cause. A pattern of unethical and irresponsible behavior in financial matters is convincingly established which, along with respondent's attitude toward the proceedings, demonstrates that he is unworthy to be allowed to continue as a member of the bar. See *In re Pennica,* 36 *N. J.* 401, 434 (1962); *cf. In re Banner,* 35 *N. J.* 562 (1961); *In re Clarkin,* 35 *N. J.* 197 (1961). It matters not that his derelictions in large part related to personal finances rather than to attorney-client

transactions. See *In re Carlsen,* 17 *N. J.* 338 (1955) ; *In re Genser,* 15 *N. J.* 600 (1954) ; *cf. In re Howell,* 10 *N. J.* 139 (1952).

The respondent's name will be stricken from the rolls.

*For disbarment*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, SCHETTINO and HANEMAN—6.

*Opposed*—None.