IN THE MATTER OF ROBERT R. BLASI,
AN ATTORNEY-AT-LAW.

Argued June 7, 1966—Decided July 6, 1966.

*Mr. Frederick C. Vonhof* argued the cause for the Essex County Ethics Committee.

*Mr. Robert R. Blasi* argued the cause for respondent, *pro se.*

The opinion of the Court was delivered

PER CURIAM. The presentment of the Essex County Ethics Committee concluded that respondent was guilty of unethical conduct with respect to six charges. There is not the slightest doubt of the propriety of the conclusion. Five of the charges related to the issuance of worthless checks. The other concerned two municipal court complaints for motor act violations, respondent's callous disregard of which for several months necessitated the execution of a bench warrant and resulted in a substantial fine for contempt of court.

Two of the checks involved were given to another attorney in payment of services the latter rendered in handling workmen's compensation cases for respondent and were not paid for several months. Another was given to a sheriff as the deposit for real property respondent purchased at a foreclosure sale. It was later made good with funds furnished by respondent's mother. Two others were given more than two years ago to a firm of attorneys representing a seller on the closing of a real estate purchase made by respondent's corporation. One of these checks was later honored; the other never has been. It was in the amount of $187 to cover the cost of federal revenue stamps which the seller-mortgagee felt were required to be affixed to the corporate mortgage bond. Respondent insisted he could obtain an internal revenue ruling to the contrary, so it was agreed the moneys were to be held in escrow in the meantime. Respondent "never got around to getting a ruling." The last check involved, in the amount of $300, was given while the other charges were pending and has not been made good, because, according to respondent, the payee made a complaint to the Committee about it.

The Committee also reported in its presentment that respondent issued innumerable other worthless checks during the period covered by the charges (all of which respondent asserted had ultimately been paid) and that clients' moneys had been commingled with his personal funds, although it filed no additional charges with respect thereto. The Com-

mittee followed its clear obligation in making this further investigation, examining respondent in connection therewith and reporting the result to us. See *R. R.* 1:16–2(b) and 1:16–5. It may be noted that respondent refused to produce his bank records for the Committee's examination until we ordered him to do so. We should also say that the fact that many of the derelictions related to personal affairs and conduct rather than attorney-client relationships is immaterial. *In re Belluscio,* 38 *N. J.* 355 (1962).

Respondent took the completely untenable position in the Committee hearings and before us that his issuance of checks, knowing of the insufficiency of funds with which to meet them, was in good faith, without intent to defraud and not blameworthy because he hoped to have money available when they were presented for payment. We thoroughly agree with the Committee that such conduct on the part of an attorney is irresponsible and unethical, regardless of whether in every instance a violation of the criminal law may have been committed. Since he did not unequivocally assure the Committee that he had ceased such a course of conduct, its presentment concluded with the statement that the practice "should be forthwith terminated by respondent."

That respondent must be disciplined is obvious. The extent cannot be determined at this time. As noted he has not yet paid two of the checks involved in the specific charges. Two further complaints are pending against him, as to which, consistent with his attitude and actions with respect to the charges now before us, he has failed to cooperate with the Committee. One, which we understand involves dealings with a client and which we were required to order him to answer in December 1965, remains undetermined because of his complete failure to respond to the Committee's instructions. The other pending complaint, which respondent has not even answered, relates to an alleged worthless check, issued after his last testimony before the Committee but before the filing of its presentment.

■ Respondent is therefore suspended effective immediately and until the further order of the Court, with final disposition of the matter to be deferred until the beginning of the next term. In the interim it is ordered that:

1. Respondent shall make immediate payment to the payees of the $187 check and the $300 check previously mentioned and furnish satisfactory proof of payment to the Committee.

2. Respondent, within seven days, shall file his answer to the complaint which presently remains unanswered and shall communicate with the Committee to receive its further instructions concerning the disposition of the other pending complaint. He shall fully cooperate with the Committee in the prompt hearing and disposition of said complaints.

3. The Committee shall determine whether, since the date of its presentment, May 2, 1966, respondent, personally or on behalf of any corporation which he controls, has issued any checks which were not paid on presentation.

4. The Committee shall report to this Court on all of the above as soon as possible.